1 | Fred W. Schwinn (SBN 225575)
fred.schwinn@sjconsumerlaw.com
2 | Raeon R. Roulston (SBN 255622)
raeon.roulston@sjconsumerlaw.com
3 | CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
4 | San Jose, California 95113-2418
Telephone Number: (408) 294-6100
5 | Facsimile Number: (408) 294-6190

6

7 | Attorneys for Plaintiff
DON ROLLAND DONFRAY

**FILED** *Paid*

2009 JUN 26 P 3: 45

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-filing

ADR

8

9

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

11 | DON ROLLAND DONFRAY,

12 |                  Plaintiff,

13 |    v.

14 | ASSIGNED CREDIT SOLUTIONS, INC., a
New Jersey corporation, VALOREM, LLC, a
15 | Delaware limited liability company,
CHRISTOPHER D. BRADBURY, individually
16 | and in his official capacity, and CHRIS
BRADLEY, individually and in his official
17 | capacity

18

19 |                  Defendants.

Case No. **C09 02892**

**COMPLAINT**

**DEMAND FOR JURY TRIAL** **RS**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
California Civil Code § 1812.700 *et seq.*

20 |     Plaintiff, DON ROLLAND DONFRAY (hereinafter "Plaintiff"), based on information and

21 | belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or

22 | his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

23 | ### I. INTRODUCTION

24

25 |     1.    This is an action for statutory damages, attorney fees and costs brought by an

26 | individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

27 | 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California

28 | Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in

1    abusive, deceptive and unfair practices.

2        2.    According to 15 U.S.C. § 1692:

           a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

           b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

           c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

           d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

           e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    This action arises out of Defendants' violations of the Fair Debt Collection

1  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2  ## III. VENUE

3
4  5.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.
5
6  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants
7  transact business in this judicial district and the violations of the FDCPA complained of occurred in this
8  judicial district.

9  ## IV. INTRADISTRICT ASSIGNMENT

10
11  6.  This lawsuit should be assigned to the San Jose Division of this Court because a
12  substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara
13  County.

14  ## V. PARTIES

15
16  7.  Plaintiff, DON ROLLAND DONFRAY (hereinafter "Plaintiff"), is a natural person
17  residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §
18  1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen"
19  within the meaning of Cal. Civil Code § 1761(f).

20  8.  Defendant, ASSIGNED CREDIT SOLUTIONS, INC. (hereinafter "ACS"), is a
21  New Jersey corporation engaged in the business of collecting debts in this state with its principal place
22  of business located at: 800 North Kings Highway, Suite 100, Cherry Hill, New Jersey 08034. ACS
23  may be served as follows: Assigned Credit Solutions, c/o Marie V. Nasuti, Agent for Service of
24  Process, 1605 Evesham Road, Voorhees, New Jersey 08043. The principal business of ACS is the
25  collection of debts using the mails and telephone, and ACS regularly attempts to collect debts alleged to
26  be due another. ACS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil
27
28

Code § 1788.2(c). ACS is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

9. Defendant, CHRISTOPHER D. BRADBURY, (hereinafter "BRADBURY"), is a natural person and is or was an employee, agent, member, officer and/or director of ACS at all relevant times. BRADBURY may be served at his current business address at: Christopher D. Bradbury, Assigned Credit Solutions, 800 North Kings Highway, Suite 100, Cherry Hill, New Jersey 08034. Plaintiff is informed and believes, and thereon alleges, that BRADBURY is liable for the acts of ACS because he sets and approves ACS collection policies, practices, procedures and he directed the unlawful activities described herein. BRADBURY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). BRADBURY is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

10. Defendant, CHRIS BRADLEY, (hereinafter "BRADLEY"), is a natural person and is or was an employee, agent, member, officer and/or director of ACS at all relevant times. BRADLEY may be served at his current business address at: Chris Bradley, Assigned Credit Solutions, 800 North Kings Highway, Suite 100, Cherry Hill, New Jersey 08034. BRADLEY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). BRADLEY is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

11. Defendant, VALOREM, LLC (hereinafter "VALOREM"), is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 800 North Kings Highway, Suite 100, Cherry Hill, New Jersey 08034. VALOREM may be served as follows: Valorem, LLC, c/o Corporation Service Company, Registered Agent, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The principal business of

COMPLAINT

VALOREM is the collection of debts using the mails and telephone, and VALOREM regularly attempts to collect debts alleged to be due another. Plaintiff is informed and believes, and thereon alleges, that VALOREM is liable for the acts of Defendants, ACS, BRADLEY and BRADBURY, because VALOREM engaged ACS, BRADLEY and BRADBURY, to collect a consumer debt on its behalf and VALOREM directed the unlawful activities described herein. See *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495 (D. N.M. 1994) and *Police v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000). VALOREM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). VALOREM is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

12.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

13.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by MBNA, and bearing the account number XXXX-XXXX-XXXX-1585 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned, or otherwise transferred to VALOREM.

15.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was

consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

16. Thereafter Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. The collection letter (Exhibit "1") is dated June 27, 2008.

18. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

19. The collection letter (Exhibit "1") was sent in an envelope (Exhibit "2") which contained a window through which information printed on the collection letter could be seen by anyone who handled the collection letter.

20. The collection letter (Exhibit "1") was sent in an envelope (Exhibit "2") on which was printed the return address for "Assigned Credit Solutions."

21. The collection letter (Exhibit "1") was mailed in an envelope (Exhibit "2") on which a postage meter stamp dated July 1, 2008, was imprinted.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about July 1, 2008.

23. The collection letter (Exhibit "1") states, in relevant part:

Unless you notify this office with thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification; provide you with the name and address of the original creditor, if different from the current creditor.

24. The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

- 6 -
COMPLAINT

1

2

3

4

5

25.     Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint.   Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

6

7

26.     As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

8

## VII.  CLAIMS

9

### FAIR DEBT COLLECTION PRACTICES ACT

10

11

12

27.     Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

13

14

28.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

15

16

17

29.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

18

19

30.     Defendant, ACS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

20

21

31.     Defendant, BRADBURY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

22

23

24

32.     Defendant, BRADLEY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25

26

33.     Defendant, VALOREM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27

28

34.     The financial obligation alleged to be originally owed to MBNA by Plaintiff is a

1  "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

2      35.    The collection letter (Exhibit "1") described above violates the FDCPA.  The
3
violations include, but are not limited to, the following:
4
5          a.    Defendants misrepresented Plaintiff's right to obtain a copy of the debt
6  verification or judgment against him, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

7          b.    Defendants misrepresented Plaintiff's right to obtain the name and address
8  of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§
9  1692e and 1692e(10);
10
11          c.    Defendants failed to send Plaintiff a written notice containing a statement
12  that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any
13  portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of
14  the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and
15
16          d.    Defendants failed to send Plaintiff a written notice containing a statement
17  that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and
18  address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §
19  1692g(a)(5).

20      36.    The collection envelope (Exhibit "2") described above violates the FDCPA.  The
21  violations include, but are not limited to, the following:
22
23          a.    Defendants communicated with third parties in connection with the
24  collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a
25  court of competent jurisdiction, in violation of 15 U.S.C. §§ 1692c(b) and 1692f(8);

26          b.    Defendants' display and use of their business name on the collection
27  envelope when communicating with Plaintiff indicated that Defendants are in the debt collection
28

business, in violation of 15 U.S.C. §§ 1692c(b) and 1692f(8).

       c.    Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

       d.    Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

       e.    Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

37.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

40.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

41.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

42.    Defendant, ACS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43.     Defendant, BRADBURY, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

44.     Defendant, BRADLEY, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

45.     Defendant, VALOREM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

46.     The financial obligation alleged to be owed to MBNA by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

47.     The collection letter (Exhibit "1") described above violates the RFDCPA.  The violations include, but are not limited to, the following:

a.     Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against him, in violation of Cal. Civil Code § 1788.17;[1]

b.     Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of Cal. Civil Code § 1788.17;[2]

c.     Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of Cal. Civil Code § 1788.17;[3] and

d.     Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil

---

[1] 15 U.S.C. §§ 1692e and 1692e(10).
[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692g(a)(4).

- 10 -
COMPLAINT

Code § 1788.17.[4]

48.    The collection envelope (Exhibit "2") described above violates the RFDCPA. The violations include, but are not limited to, the following:

a.    Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(c), 1788.12(d) and 1788.17;[5]

b.    a.    Defendants' display and use of their business name on the collection envelope when communicating with Plaintiff indicated that Defendants are in the debt collection business, in violation of Cal. Civil Code §§ 1788.12(c), 1788.12(d) and 1788.17;[6]

c.    Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(c), 1788.12(d) and 1788.17;[7]

d.    Defendants published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(c), 1788.12(d) and 1788.17;[8] and

e.    Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(c), 1788.12(d) and 1788.17.[9]

49.    Defendants misrepresented Plaintiff's right to obtain the name and address of the

---

[4] 15 U.S.C. § 1692g(a)(5).
[5] 15 U.S.C. §§ 1692c(b) and 1692f(8).
[6] 15 U.S.C. §§ 1692c(b) and 1692f(8).
[7] 15 U.S.C. § 1692d.
[8] 15 U.S.C. § 1692d(3).
[9] 15 U.S.C. § 1692f.

1   original creditor, if it is different than the current creditor, in violation of Cal. Civil Code § 1788.17;[10]

2   50.   Defendants' acts as described above were done willfully and knowingly with the

3   purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

4   1788.30(b).

5

6   51.   As a result of Defendants' willful and knowing violations of the RFDCPA,

7   Plaintiff is entitled to an award of a statutory penalty against each defendant in an amount not less than

8   one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code

9   § 1788.30(b).

10

11   52.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

12   award of statutory damages against each Defendant in an amount not to exceed $1,000, pursuant to Cal.

13   Civil Code § 1788.17.[11]

14   53.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

15   award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and

16   1788.17.[12]

17

18   54.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

19   are intended to be cumulative and in addition to any other procedures, rights or remedies that the

20   Plaintiff may have under any other provision of law.

21   **CALIFORNIA CONSUMER COLLECTION NOTICE**

22   55.   Plaintiff brings the third claim for relief against Defendants under Cal. Civil Code

23   §§ 1812.700-1812.702.

24

25   56.   Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs

26   as though fully set forth herein.

27   ───────────────────
[10]   15 U.S.C. §§ 1692e and 1692e(10).

28   [11]   15 U.S.C. § 1692k(a)(2)(A).
[12]   15 U.S.C. § 1692k(a)(3).

- 12 -
COMPLAINT

1    57.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

2    1788.2(h).

3    58.    Defendant, ACS, is a third-party debt collector subject to the federal Fair Debt

4

5    Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

6    59.    Defendant, BRADBURY, is a third-party debt collector subject to the federal Fair

7    Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

8    60.    Defendant, BRADLEY, is a third-party debt collector subject to the federal Fair

9    Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

10

11    61.    Defendant, VALOREM, is a third-party debt collector subject to the federal Fair

12    Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

13    62.    The financial obligation alleged to be originally owed to MBNA by Plaintiff is a

14    "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term

15    is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

16

17    63.    Defendants failed to include the "Consumer Collection Notice" required by Cal.

18    Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

19    64.    Defendants' acts as described above were done willfully and knowingly with the

20    purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

21    1788.30(b).

22    65.    As a result of Defendants' willful and knowing violations of Cal. Civil Code §

23    1812.700(a), Plaintiff is entitled to an award of a statutory penalty against each Defendant in an amount

24    not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to

25    Cal. Civil Code § 1812.702.[13]

26    66.    As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is

27

28    _____
[13] Cal. Civil Code § 1788.30(b).

- 13 -
COMPLAINT

1  entitled to an award of statutory damages against each Defendant in an amount not to exceed $1,000,

2  pursuant to Cal. Civil Code § 1812.702.[14]

3
4  67.    As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is

5  entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code §

6  1812.702.[15]

7  68.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil

8  Code §§ 1788.17 and 1788.30(c) are intended to be cumulative and in addition to any other procedures,

9  rights or remedies that Plaintiff may have under any other provision of law.

10
## VIII.  REQUEST FOR RELIEF

11
12  Plaintiff requests that this Court:

13      a.    Assume jurisdiction in this proceeding;

14      b.    Declare that Defendants' collection letter attached hereto as Exhibit "1"

15  violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and

16  1692g(a)(5);

17
18      c.    Declare that Defendants' collection letter attached hereto as Exhibit "1"

19  violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

20      d.    Declare that Defendants' collection letter attached hereto as Exhibit "1"

21  violates Cal. Civil Code § 1812.700(a);

22
23      e.    Declare that Defendants' collection envelope attached hereto as Exhibit "2"

24  violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692f

25  and 1692f(8);

26      f.    Declare that Defendants' collection envelope attached hereto as Exhibit "2"

27

28  [14] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
    [15] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(c), 1788.12(d) and 1788.17.

      g.    Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      h.    Award Plaintiff a statutory penalty against each Defendant in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

      i.    Award Plaintiff statutory damages against each Defendant in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17;[16]

      j.    Award Plaintiff a statutory penalty against each Defendant in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1812.702;[17]

      k.    Award Plaintiff statutory damages against each Defendant in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1812.702;[18]

      l.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c), 1788.17[19] and 1812.700(b);[20]

      m.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

      n.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
        Fred W. Schwinn, Esq.
        Attorney for Plaintiff
        DON ROLLAND DONFRAY

---

[16] 15 U.S.C. § 1692k(a)(2)(A).
[17] Cal. Civil Code § 1788.30(b).
[18] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[19] 15 U.S.C. § 1692k(a)(3).
[20] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DON ROLLAND DONFRAY, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

COMPLAINT

**ACS**

Assigned Credit Solutions
800 North Kings Highway – Suite 100
Cherry Hill, New Jersey 08034
**RETURN SERVICE REQUESTED**

*ASSIGNED CREDIT SOLUTIONS*
*800 North Kings Highway – Suite 100*
*CHERRY HILL, NJ 08034*
*Telephone: (800) 677-8277*

*PERSONAL & CONFIDENTIAL*

‖‖ı‖ııı‖ıı‖‖ıııı‖ı‖ı‖ı‖ıııı‖ı‖ı‖ı‖ı‖ııı‖‖ıı‖‖ıı‖ıı‖

Don R Donfray  8  2875
770 Lakehaven Dr
Sunnyvale, CA 94089-2551

June 27, 2008

**Account No.:** 5490990109251585
**Original Issuer:** MBNA
**Current Creditor:** Valorem LLC
**Balance:** $10,502.00

**EXHIBIT**

**1**

Dear Don R Donfray:

This letter is to notify you of a special offer to resolve your above mentioned past due account. As of the date of this letter we have been unable to establish a mutual resolution, although it is our sincere desire to do so. We are presenting two options that will cease collection activity on your account.

- A 60% discount can be applied to your current balance of $10,502.00, in return for a **ONE-TIME PAYMENT** of $4,201.00. In order to accept this offer, your payment must be received by **Monday, July 14, 2008.**

- A monthly payment plan is available on the full outstanding balance of your account. In order to accept this offer, your payments must be received by the 14th of every month until the obligation is satisfied. For the duration that monthly payments are made, your account will have a 0% APR and will not be charged any fees.

We hope that at least one of these options appeals to you and that you will take the initiative to call, write, or email us to indicate how you choose to resolve your obligation. You are able to reach me, or one of our associates by calling **1.800.677.8277**, or you may send email to **chrisbrad@acs-mail.net**.

If you do not respond to this unique offer, we are left to assume that you do not have any intention of resolving this on a voluntary basis and will recommend that our client proceed with further collection activity.

Sincerely,

*Chris Bradley*

Chris Bradley
Director of Operations
Assigned Credit Solutions, Inc

**Consider using your ECONOMIC STIMULUS CHECK to take advantage of this time sensitive offer!!!**

Unless you notify this office with thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification; provide you with the name and address of the original creditor, if different from the current creditor.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Assigned Credit Solutions
800 North Kings Highway, Suite 100
Cherry Hill, New Jersey 08034

**Return Service Requested**

Don R Donfray 8 2875
770 Lakehaven Dr
Sunnyvale, CA 94089-2551

June 27, 2008

Acco
Origi
Curr
Balai

PRESORTED
FIRST CLASS



UNITED STATES POSTAGE
PITNEY BOWES
02 1M
000421615B JUL 01 2008
MAILED FROM ZIP CODE 08043
$ 00.351

EXHIBIT
2